IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

O'KEEFE'S, INC,                           No   C 07-1986 - VRW

    Plaintiff,                         ORDER

    v

JOHN MORIARTY & ASSOCIATES OF
FLORIDA, INC,

    Defendant.
_____/

        Defendant moves to dismiss plaintiff's breach of contract suit for lack of personal jurisdiction under FRCP 12(b)(2) and improper venue under FRCP 12(b)(3).  Because the court finds these matters suitable for determination without oral argument, the hearing scheduled for July 12, 2007, is VACATED.  See Civ LR 7-1(b).  For the following reasons, defendant's motion to dismiss (Doc #5) is DENIED in its entirety.

//
//

The parties dispute a number of facts pertinent to the present motion. The immediately following facts are not in dispute. Plaintiff is a California corporation with headquarters in San Francisco, California. Doc #1 at ¶1; Doc #14 (Heagney decl) at ¶2. Plaintiff develops and manufactures fire and safety glazing for a range of glass products. Doc #14 at ¶2. On October 26, 2005, plaintiff entered into a contract to produce glass and glazing for windows at the Las Olas Beach Club (a building project in Fort Lauderdale, Florida) for defendant, a general contracting and construction management company specializing in luxury high-rise buildings. Doc #1 at ¶ 2. Defendant is a Massachusetts corporation with its principal place of business in Hollywood, Florida. Id.

The parties' relationship went sour. Defendant installed plaintiff's glass and claims to have "discovered defects in [plaintiff's] products in the form of obstructions in the glass portions of the assemblies," Doc #5 at 3, which may affect "the Florida hurricane wind criteria and fire rating of the assemblies." Doc #6 at ¶ 15. Defendant ceased making payments to plaintiff for the glass, leaving an outstanding balance of $165,698.50. Doc #1 at ¶ 13. In response, plaintiff brought the present suit.

Here the disputes begin. Plaintiff relies on a sales order purportedly accepted by defendant's Matthew Rier. Doc #1, Ex A. The sales order attaches "Standard Terms and Conditions" that apply California law. Id. According to plaintiff, defendant's vice president, Malcolm MacInnes, visited plaintiff's San Francisco office to discuss the products involved and thereafter traveled to plaintiff's Merced workshop to review specifications and product

2

1  testing.  Doc #14 (Heagney decl) at 2-3.  The project manager
2  working with defendant allegedly traveled to California at least
3  twice to consult about the products and their design and testing.
4  Id at 3.  Rier denies signing the sales order, Doc #17 (Rier decl)
5  at 2, and claims to lack authority to bind defendant.  The only
6  California trip, defendant asserts, was prior to the first shipment
7  when "a representative" of defendant visited to discuss the
8  products.  Doc #6 (Leete decl) at 3.  Plaintiff shipped unfinished
9  products to Florida where they were installed.  Id at 3.

**I**

**A**

FRCP 12(b)(2) governs motions to dismiss for lack of personal jurisdiction.  Plaintiff has the burden of establishing that the court has personal jurisdiction over defendant.  Gator.com Corp v LL Bean, Inc, 341 F3d 1072, 1075 (9th Cir 2002); Doe v Unocal Corp, 248 F3d 915, 922 (9th Cir 2001) (citing Cubbage v Merchent, 744 F2d 665, 667 (9th Cir 1984), cert denied, 470 US 1005 (1985)).  In assessing plaintiff's showing, the court may consider evidence presented in affidavits and other evidence procured through the discovery process.  But when the court acts on the motion without holding an evidentiary hearing, plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.  Unocal, 248 F3d at 922; AT&T v Compagnie Bruxelles Lambert, 94 F3d 586, 588 (9th Cir 1996).  If not squarely controverted, plaintiff's version of the facts must be taken as true, and conflicts between the facts contained in the parties' affidavits should be resolved in favor of plaintiff.  Unocal, 248

F3d at 922; AT&T, 94 F3d at 588.  For this reason, most of the factual disputes defendant raises afford little or no support for its motion.

To exercise personal jurisdiction over a nonresident defendant, the court must first determine that "'a rule or statute potentially confers jurisdiction over the defendant and then conclude that asserting jurisdiction does not offend the principles of Fifth Amendment due process.'"  Unocal, 921-22 (9th Cir 2001), quoting Go-Video, Inc v Akai Electric Co, Ltd, 885 F2d 1406, 1413 (9th Cir 1989).  This means that the court may exercise personal jurisdiction over a party when such jurisdiction comports with the law of the state in which the court sits and when such jurisdiction comports with the requirements of due process.  Lee v City of Los Angeles, 250 F3d 668, 692 (9th Cir 2001); Alexander, 939 F2d at 850; see Unocal, 248 F3d at 922.  California law permits the court to exercise personal jurisdiction over a party on any basis not inconsistent with the constitutions of California or the United States.  Cal Code Civ Proc § 410.10.  Hence, California law permits the court to exercise jurisdiction "to the full extent permitted by due process." Gator.com, 341 F3d at 1076 (internal quotations and citation omitted).  Due process requires that defendant have certain minimum contacts with the forum state so that maintenance of the suit will not offend "traditional conceptions of fair play and substantial justice."  International Shoe Co v Washington, 326 US 310, 320 (1945).  Defendant's "conduct and connection with the forum state" must be such that defendant "should reasonably anticipate being haled into court there." World-Wide Volkswagen v Woodson, 444 US 286, 297 (1980).

4

Personal jurisdiction may be either general or specific. General jurisdiction exists if "there are substantial or continuous and systematic contacts with the forum state, even if the cause of action is unrelated to those contacts." Gator.com, 341 F3d at 1076 (internal quotations and citation omitted). The standard for establishing such general jurisdiction is "'fairly high.'" Id, quoting Bancroft & Masters, Inc v Augusta Nat'l, Inc, 223 F3d 1082, 1086 (9th Cir 2000). Even if such substantial and continuous contacts exist, the court must also determine that the exercise of jurisdiction is reasonable. Gator.com, 341 F3d at 1077; see Glencore Grain Rotterdam BV v Shivnath Rai Harnarain Co, 284 F3d 1114, 1125 (9th Cir 2002).

In the absence of general jurisdiction, plaintiff may assert personal jurisdiction over defendant by proving specific jurisdiction. Under this test, plaintiff need not establish substantial and continuous contacts with the forum state; rather, plaintiff need only establish that defendant had some contact with the forum state. See Unocal, 248 F3d at 923. The critical question for specific personal jurisdiction is "'whether the cause of action arises out of or has a substantial connection with that [contact].'" Unocal, 248 F3d at 923, quoting Hanson v Denckla, 357 US 235, 250-53 (1958). As with general jurisdiction, the court must also determine that the exercise of jurisdiction is reasonable. Glencore, 284 F3d at 1125; Alexander, 939 F2d at 850.

In its motion to dismiss, defendant contends that it is not amenable to either general or specific jurisdiction due to its lack of physical presence in California and lack of significant forum-related activities. Doc #5 at 3-5. Given that the extent of

5

defendant's contacts with California appears to be related to the contract at issue, it is reasonable to assume that defendant lacks the kind of substantial and continuous contacts necessary to sustain a finding of general jurisdiction. See <u>Gator.com</u>, 341 F3d at 1076.

Rather than contest the general jurisdictional issue, plaintiff instead contends that specific jurisdiction is proper over defendant in this case. See Doc #13 at 4:15-7:25. The Ninth Circuit has developed a three-factor test in evaluating specific jurisdiction: (1) whether defendant has purposefully availed itself of the privileges of conducting activity in the forum; (2) whether the claim arises out of or results from defendant's forum-related activities; and (3) whether the exercise of jurisdiction is reasonable. <u>Glencore</u>, 284 F3d at 1123; <u>Unocal</u>, 248 F3d at 923; <u>Haisten v Grass Valley Medical Reimbursement Fund, Ltd</u>, 784 F2d 1392, (9th Cir 1986).

With respect to the first requirement, the court must engage in a "'qualitative evaluation of the defendant's conduct with the forum state.'" <u>Core-Vent Corp v Nobel Industries, AB</u>, 11 F3d 1482, 1485 (9th Cir 1993), quoting <u>Lake v Lake</u>, 817 F2d 1416, 1421 (9th Cir 1987). This purposeful availment inquiry "ensures that a nonresident defendant will not be haled into court based upon 'random, fortuitous or attenuated' contacts with the forum state." <u>Panavision Int'l LP v Toeppen</u>, 141 F3d 1316, 1320 (9th Cir 1998), quoting <u>Burger King Corp v Rudzewicz</u>, 471 US 462, 475 (1985).

Because defendant has not squarely controverted facts showing that defendant purposefully availed itself of the privilege

of conducting business in California, the motion must be denied, at least on the present record.  Defendant acknowledges that "the architect's plans specified [plaintiff] as the supplier for these glass and metal assemblies to be installed in the project." Doc #6 at ¶11.  In compliance with this requirement, defendant contacted plaintiff in San Francisco, California to seek its participation in the building project.  Id.  Defendant does not controvert that it negotiated terms and communicated with employees of plaintiff by telephone, email and facsimile.  Doc #14 at ¶3.  Defendant's vice president, Malcolm MacInnes, executed a purchase order for the product in question.  Doc #18 (Leete decl), Ex A.  Defendant does not deny visiting plaintiff's manufacturing plant in Merced, California.  Doc #14 at ¶5; Doc #6 at ¶14.  Taken together, these facts demonstrate that defendant's alleged breach of contract is directed at California in "more than a random, fortuitous, or attenuated way."  ESAB Group, Inc v Centricut, Inc, 126 F3d 617, 625 (4th Cir 1997).

        The parties wage a battle of declarations over whether "Standard Terms and Conditions" that plaintiff contends governs their relationship is a forgery.  But this is a dispute the court need not evaluate; plaintiff has established without dispute enough facts to support specific jurisdiction.  Unocal, 248 F3d at 922; AT&T, 94 F3d at 588.

        Next, plaintiff must demonstrate that the claim it asserts in this litigation arises out of defendant's forum-related activities.  Glencore, 284 F3d at 1123; Panavision, 141 F3d at 1322.  This inquiry requires that plaintiff establish that its injury would not have occurred "but for" defendant's conduct

7

directed toward plaintiff in California. <u>Glencore</u>, 284 F3d at 1123; <u>Panavision</u>, 141 F3d at 1322. In the case at bar, this requirement is easily satisfied. Defendant's alleged breach of contract caused plaintiff injury in California, and this particular injury would not have occurred "but for" defendant's alleged breach.

The final step in the specific jurisdictional inquiry is whether the exercise of jurisdiction is reasonable. <u>Gator.com</u>, 341 F3d at 1077; see <u>Glencore</u>, 284 F3d at 1125. When defendant has been shown purposefully to have directed its activities toward the forum state, "'there is a presumption of reasonableness * * * [that] the defendant bears the burden of overcoming by presenting a compelling case that jurisdiction would be unreasonable.'" <u>Columbia Pictures</u>, 106 F3d at 289, quoting <u>Haisten</u>, 784 F2d at 1397. While there is no precise or mechanical method to determine whether the exercise of jurisdiction is reasonable, the Ninth Circuit has instructed that the district court assess the following factors:

(1) the extent of defendant's purposeful interjection into the forum state's affairs;

(2) the burden on defendant of litigating in the forum;

(3) the extent of conflict with the sovereignty of defendant's home state;

(4) the forum state's interest in adjudicating the dispute;

(5) the most efficient judicial resolution of the controversy;

(6) the importance of the forum to plaintiff's interest in convenient and fair relief; and

8

1     (7)  the existence of an alternate forum.
2 Glencore, 284 F3d at 1125; see also Olsen v Gov't of Mexico, 729
3 F3d 641, 649-51 (9th Cir 1984).
4     The court's determination that defendant has
5 purposefully directed its activities toward California is
6 sufficient to resolve the first factor in favor of jurisdiction.
7 Haisten, 784 F2d at 1400-01; MGM, 243 F Supp 2d at 1092.
8     In connection with the second factor – the burden on
9 defendant in litigating in California – defendant argues that it is
10 a small company with no contacts in California.  While it is true
11 that these facts cut against jurisdiction, it is also true that
12 "'modern advances in communications and transportation'" have
13 significantly reduced the burden of litigating outside one's home
14 state.  MGM, 243 F Supp 2d at 1093, quoting Sinatra v Nat'l
15 Enquirer, Inc, 854 F2d 1191, 1198-99 (9th Cir 1991 ); see also
16 Panavision, 141 F3d at 1323.  This is especially true given that
17 defendant is a resident of the United States, as opposed to a
18 resident of a foreign country.  This factor thus presents a weak
19 basis for declining jurisdiction.
20     The third factor is the potential for conflicts with the
21 sovereignty of another state.  Unlike a situation in which the
22 defendant is from a foreign nation, the sovereignty barrier is not
23 particularly high when the defendant is merely from another state.
24 Cf Amoco Egypt Oil Co v Leonis Navigation Co, 1 F3d 848, 851 (9th
25 Cir 1993).  Forcing a Florida resident such as defendant to
26 litigate in California, poses little threat to Florida's
27 sovereignty.
28 //

9

With respect to the fourth factor, "California maintains a strong interest in providing an effective means of redress for its residents who are * * * injured." Core-Vent, 11 F3d at 1489. As California is plaintiff's primary place of business, this factor weighs in favor of jurisdiction.

The fifth factor – the interest of judicial efficiency – requires the court to evaluate where the witnesses and evidence are likely to be located. See Core-Vent, 11 F3d at 1489. The court may also compare the relative efficiency of alternative forums. It is likely that witnesses and evidence will be located both in California and Florida, given that witnesses and evidence regarding plaintiff's products and manufacturing facilities and defendant's work relating to the Las Olas Beach Club project are likely relevant to resolving this case. This factor is therefore neutral and favors neither side.

The sixth factor — plaintiff's interest in convenient and fair relief — weighs in favor of jurisdiction. California is a convenient forum for plaintiff, as plaintiff's principal place of business is located here. And given the frequency with which California courts are faced with breach of contract claims, California is certainly well-suited to providing plaintiff with appropriate relief for its injuries, should such relief be warranted.

The final factor regarding the existence of an alternative forum fails to cut in plaintiff's favor. Plaintiff bears the burden of proving the unavailability of an alternative forum. Core-Vent, 1 F3d at 853; see Panavision, 141 F3d at 1324. Plaintiff has not demonstrated the unavailability of an alternative

10

forum, such as defendant's home state of Florida.  Plaintiff's failure to meet this factor, however, would be significant only if other factors weighed against jurisdiction.  <u>MGM</u>, 243 F Supp 2d at 1094 (citing, for example, <u>Corporate Inv Business Brokers v Melcher</u>, 824 F2d 786, 791 (9th Cir 1987).  Given that none of the other factors tilts significantly in defendant's favor, the availability of Florida is not of much consequence in this case.

In sum, the court finds that defendant has failed to make a compelling showing that jurisdiction would not be reasonable in this case.  Accordingly, the court concludes that personal jurisdiction over defendant is appropriate and reasonable and thus DENIES defendant's motion to dismiss pursuant to Rule 12(b)(2) (Doc #5).

B

Defendant also argues that venue is improper in this district and that the case should therefore be dismissed pursuant to Rule 12(b)(3).  Under 28 §§ 1391©, "[a] defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  Because this court has personal jurisdiction over the defendant, venue is proper in this district.  Further, the basis for personal jurisdiction is the effects of defendant's actions on plaintiff in San Francisco, California - a city located within this district.  Accordingly, venue in this district is proper, and the court must DENY defendant's Rule 12(b)(3) motion to dismiss as well.

//

Finally, defendant urges the court to transfer this case to the Southern District of Florida, even if jurisdiction and venue are proper, for the convenience of the parties and witnesses and the interest of substantial justice.  As noted above, however, many of the events relevant to this case took place in California and several key witnesses reside in California.  Plaintiff, a California corporation whose facilities are located in California, has all documents concerning its manufacturing process and sales information in this district.  Transfer to Florida would prove inefficient and the burden on defendant to litigate here is not undue.  Accordingly, defendant's motion to transfer under 28 USC § 1404(a) is DENIED.

### III

For the foregoing reasons, the court DENIES defendant's motion to dismiss for lack of personal jurisdiction and improper venue (Doc #5). The court also VACATES the July 12, 2007, hearing on these motions.

IT IS SO ORDERED.

VAUGHN R WALKER

United States District Chief Judge